471 A.2d 749

## J. Cookman BOYD, Jr.

v.

## SUPERVISOR OF ASSESSMENTS OF BALTIMORE CITY.

No. 661, Sept. Term, 1983.

Court of Special Appeals of Maryland.

Feb. 14, 1984.

Rob Ross Hendrickson and J. Cookman Boyd, Jr., Baltimore, for appellant.

Jane E. Pilliod, Asst. Atty. Gen., with whom were Stephen H. Sachs, Atty. Gen., Kaye Brooks Bushel, and T. Scott Basik, Asst. Attys. Gen., on brief, for appellee.

Argued before LISS and ADKINS, JJ., and CHARLES E. ORTH, Jr., (Ret'd.), Specially Assigned Judge.

ADKINS, Judge.

Appellant J. Cookman Boyd, Jr., disagreed with the tax assessment placed on his Baltimore City home for the tax year beginning July 1, 1980. He appealed to the Property Assessment Board of Baltimore City, which dismissed the appeal because of Boyd's failure to appear. Boyd appealed to the Maryland Tax Court, which referred the matter to an examiner. Testimony was taken before the examiner on the

merits of the case, and after one false start[1] the Tax Court on November 12, 1981, accepted the examiner's recommendations and affirmed the assessment.

Undismayed, Boyd appealed to what is now the Circuit Court for Baltimore City. That court rejected the Supervisor's motion to dismiss the appeal for failure to exhaust administrative remedies and affirmed the Tax Court's decision. Boyd now seeks redress in this court. He asserts that the Circuit Court for Baltimore City erred in failing to hold that the Tax Court did not conduct its proceedings "in a manner similar to proceedings in courts of equity in this State" as required by Code, Art. 81, § 229(c), and in failing to find that under the circumstances of this case the Tax Court was "precluded from basing its decision solely on the recommendations of the hearing examiner." Both of these contentions are based on the argument that the Tax Court's decision was grounded solely on the examiner's recommendations (not on a review of the full record), which recommendations were not furnished Boyd before the Tax Court decision, thus depriving him of any opportunity to except or object to them.

We agree with Boyd that the Circuit Court for Baltimore City erred, but think the error arose from its failure to dismiss the appeal from the Tax Court. Therefore, we do not reach the issues he has raised.

Article 81, § 230 provides in pertinent part:

No appeal to the Maryland Tax Court shall be allowed until the party seeking to appeal has exhausted his remedies before the appropriate assessing or taxing authority, including the property tax assessment appeal board. . . .

The purport of this provision seems pellucid: it applies the concept of exhaustion of administrative remedies to the Tax

---

1. On February 5, 1981, the Tax Court accepted the examiner's recommendations and affirmed the assessment. Boyd appealed this decision to the Baltimore City Court (now the Circuit Court for Baltimore City) which reversed and remanded to the Tax Court for further proceedings. The ground for this action is not germane to the present appeal.

Court. It states in the plainest language that an appeal to the Tax Court "shall [not] be allowed" until the appellant "has exhausted his remedies before" *inter alia* "the property tax assessment appeal board." [2]

■ The purposes of the doctrine of exhaustion of administrative remedies are threefold. It is designed to encourage the determination of particular issues by agencies with special expertise as to those issues; to avoid the judicial resolution of matters the legislature thought "could be best performed by an agency;" and to keep from the courts matters they might never be called upon to decide "if the prescribed administrative remedy was followed." *Prince George's County v. Blumberg,* 288 Md. 275, 284, 418 A.2d 1155 (1980), *cert. den.,* 449 U.S. 1083, 101 S.Ct. 869, 66 L.Ed.2d 808 (1981). To achieve these purposes, as the court also noted in *Blumberg,* 288 Md. at 283–84, 418 A.2d 1155, quoting *Agrarian Inc. v. Zoning Inspector,* 262 Md. 329, 332, 277 A.2d 591 (1971):

> [A] claimant ordinarily must seek to redress the wrong of which he complains by using the statutory procedure the legislature has established for that kind of case, if it is adequate and available. . . . [I]f he is unsuccessful and wishes aid from the courts, he must take judicial appeals in the manner the legislature has specified rather than by seeking to invoke the ordinary jurisdiction of the courts. . . . [Consequently, we] have consistently held that where a special form of remedy is provided, the litigant must adopt that form and must not bypass the administrative body or official, by pursuing other remedies.

---

**2.** In *County Executive for Montgomery County v. Supervisor of Assessments,* 275 Md. 392, 340 A.2d 246 (1975) the Court of Appeals observed that in that case there was "[no contention] that the appellants failed to exhaust their remedies" prior to appeal to the Tax Court "as required by ... Art. 81, § 230." 275 Md. at 395, n. 5, 340 A.2d 246. In the earlier case of *Radin v. Supervisor of Assessments,* 254 Md. 294, 255 A.2d 413 (1969) it appears that there was a failure to exhaust pre-Tax Court remedies, but the Court of Appeals did not consider this issue.

■ To be sure, both *Blumberg* and *Agrarian* deal with efforts to invoke the jurisdiction of a court while bypassing certain administrative steps. But we see no reason why the same principles should not apply when one seeks to avoid a statutorily prescribed step in the appellate hierarchy within the administrative structure of the executive branch.[3]

If it is important that a court, before exercising its jurisdiction, should have the benefit of the exercise of expertise by an administrative body, as well as the possibility of final determination at a pre-judicial stage, it is equally important that the Tax Court should enjoy these benefits before exercising its quasi-judicial powers.

In *Maryland Commission on Human Relations v. Baltimore Gas & Electric Co.,* 296 Md. 46, 459 A.2d 205 (1983) the Court of Appeals had before it the question of the appealability of a non-final administrative decision. In concluding that no appeal could be taken from such a decision, the court applied to administrative agency decisions the same tests applied for the purpose of determining the finality of judicial decisions. It also commented on the applicability of the exhaustion concept to internal agency proceedings, observing that its holding was "consonant with the rationale underlying the principle requiring the exhaustion of statutorily prescribed administrative and judicial remedies." The court stressed the importance of allowing the agency to apply its own expertise to the issue, and the possibility of avoiding unnecessary subsequent proceedings by virtue of prior administrative action. 296 Md. at 58–59, 459 A.2d 205. It is the implementation of precisely these policies that the legislature has mandated in § 230.

■ We conclude that § 230 and its express embodiment of the administrative exhaustion doctrine require an appeal to the property tax assessment appeal board as a condition precedent to the exercise of the Tax Court's jurisdiction. Boyd did appeal to the inferior administrative agency, but

---

**3.** The Maryland Tax Court is an administrative agency, Art. 81, § 224 as are the property tax assessment appeal boards, Art. 81, § 248.

his appeal was dismissed because of his failure to appear. COMAR 14.10.01.05 D(1). By his failure to present his case to the board he frustrated totally·its ability to play its part in the legislatively-established administrative process. It is as if he had voluntarily dismissed his appeal, thereby preventing the board from applying its expertise to the matter, or from terminating the dispute at that level. *See Soley v. State Commission on Human Relations,* 277 Md. 521, 526, 356 A.2d 254 (1976). We cannot countenance such an evasion of the policy established by § 230. We hold that on the facts of this case there was, effectively, no appeal to the board and, hence, no compliance with the precondition for Tax Court jurisdiction established by that section. *Compare Commission on Medical Discipline v. Bendler,* 280 Md. 326, 373 A.2d 1232 (1977) (where internal administrative remedies not exhausted trial court lacked jurisdiction to decide matter).

The effect of this failure was to deprive the Tax Court of subject-matter jurisdiction. It is hornbook law that "[t]he powers of administrative agencies are measured and limited by the statutes or acts creating them or granting their powers. . . ." 1 Am.Jur.2d "Administrative Law" § 72 [footnotes omitted]. If "conditions precedent are not met and complied with [an agency has] no jurisdiction." 2 Am.Jur.2d "Administrative Law" § 328.

In *County Executive for Montgomery County v. Supervisor of Assessments, supra,* the Court of Appeals held that the Tax Court could not limit its statutorily-conferred jurisdiction by the adoption of procedural rules. By the same token, an "administrative agency cannot enlarge its own jurisdiction nor can [subject-matter] jurisdiction be conferred upon the agency by the parties before it." 2 Am. Jur.2d "Administrative Law" § 331. It is also elementary that parties may not confer subject-matter jurisdiction by consent upon a court. *Sigma Reproductive Health Center v. State of Maryland,* 297 Md. 660, 467 A.2d 483 (1983).

Since the Tax Court lacked subject-matter jurisdiction in this case, its purported decision was a nullity. 2 Am.Jur.2d

"Administrative Law" § 327. That being so, Boyd's purported appeal to the Circuit Court for Baltimore City was also a nullity; that court also lacked subject-matter jurisdiction. *Cf. Maryland Commission on Human Relations v. Bethlehem Steel Corp.*, 295 Md. 586, 457 A.2d 1146 (1983) and *Commission on Medical Discipline v. Bendler, supra.*

■ We hold that the trial court erred in refusing to dismiss Boyd's appeal. Although the Supervisor did not raise that issue in this court, it was raised and decided below, and because of the jurisdictional problems we have discussed, it is a matter we properly can raise and determine *nostra sponte.* Md.Rule 1085. *See Commission on Human Relations v. Mass Transit Administration*, 294 Md. 225, 232, 449 A.2d 385 (1982) (because of strong public policy underlying administrative exhaustion doctrine, court will *sua sponte* address issue despite failure of parties to raise it) and *Commission on Medical Discipline v. Bendler, supra* (issue of jurisdiction of trial court raised *sua sponte* by Court of Appeals where administrative remedies not exhausted).

JUDGMENT OF CIRCUIT COURT FOR BALTIMORE CITY VACATED.

CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO DISMISS.

COSTS TO BE PAID BY APPELLANT.