499 A.2d 1325

**COMPTROLLER OF the TREASURY**

v.

**BRAND IRON, INC.**

No. 255, Sept. Term, 1985.

Court of Special Appeals of Maryland.

Nov. 13, 1985.

---

208

Linda Koerber Boyd, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., and Deborah B. Bacharach, Asst. Atty. Gen., on brief), Baltimore, for appellant.

No brief of appearance by appellee's counsel.

Argued before MOYLAN, ADKINS and KARWACKI, JJ.

KARWACKI, Judge.

In this appeal the Comptroller of the Treasury, Retail Sales Tax Division, challenges an order of the Circuit Court for Baltimore County remanding this case to the Maryland Tax Court. The appellant asserts that this action merely compounded an error of the Tax Court in not dismissing the appellee's appeal to it because of the appellee's failure to exhaust the prescribed remedies for a taxpayer seeking revision of a retail sales and/or use tax assessment. The appellant is correct and we will reverse.

This case stems from an assessment levied by the Comptroller for unpaid sales and/or use taxes due from September 8, 1978 through July 13, 1982 against the appellee, Brand Iron, Inc. The appellee applied for revision of that assessment pursuant to Md.Code (1957, 1980 Repl.Vol.), Article 81, § 351.[1] In response to a request by the Secretary and Treasurer of Brand Iron, Mr. Harry L. Lawrence, Jr., the appellant scheduled an informal conference for March 8, 1983. On that date, Mr. Lawrence telephoned Mr. John Sherry at the Retail Sales Tax Division and informed him that he was unable to attend. Mr. Sherry requested that Mr. Lawrence set forth in writing his reasons for his failure to appear on behalf of the appellee. Mr. Sherry waited three weeks for a response. Receiving none, he wrote to Mr. Lawrence and denied the appellee's requested revision of assessment. The appellee was given thirty days in which to request a formal hearing.

A formal hearing was requested on April 15, 1983, and one was scheduled for August 11, 1983. On that day, the hearing was postponed upon the appellee's request so it could arrange to be represented by an attorney. The hearing was reset for October 4, 1983.

---

1. By this statute the Legislature has prescribed the remedy available to a retail sales and/or use taxpayer for seeking revision of an assessment of that tax levied by the Comptroller. The section is further implemented by a rule adopted by the Comptroller governing the procedures to be followed in processing such a request for revision. COMAR 3.06.01.80.

On October 4, 1983, the appellee's representatives again failed to appear for this hearing. Thereafter, Ms. Susan Demyan, the Comptroller's hearing officer, sent separate letters addressed to the appellee and to its Secretary-Treasurer, Mr. Lawrence, advising that the failure of the appellee to appear at the formal hearing rendered the assessment final and correct.

On October 13, 1983, Brand Iron appealed to the Maryland Tax Court. The Comptroller filed a motion to dismiss the appeal based on Brand Iron's failure to exhaust its remedies before the Comptroller prior to its appeal to that agency [2] as required by Md.Code, *supra,* Article 81, § 230. That statute provides:

> No appeal to the Maryland Tax Court shall be allowed until the party seeking to appeal has exhausted his remedies before the appropriate assessing or taxing authority, including the property tax assessment appeal board in the county or city where the property is located. This section applies to ordinary and special taxes.

After hearing argument on the motion, the Tax Court entered its order on April 10, 1984 granting the motion to dismiss the appeal, but adding:

> IT IS FURTHER ORDERED, that the appeal in the above entitled case be and the same is hereby REMANDED to the Comptroller of the Treasury, Retail Sales Tax Division, for an informal hearing.[3]

The Comptroller then appealed to the Circuit Court for Baltimore County contesting that portion of the order which remanded the case for further proceedings before the Comptroller. That court concluded that the order of the

---

**2.** The Maryland Tax Court is an administrative agency. Md.Code, *supra,* Article 81, § 224. *Shipp v. Bevard,* 291 Md. 590, 435 A.2d 1114 (1981); *Shell Oil Co. v. Supervisor,* 276 Md. 36, 343 A.2d 521 (1975).

**3.** There is no provision in Md.Code, *supra,* Article 81, § 381 or in COMAR 3.06.01.80 for an "informal hearing." We surmise that the Tax Court was referring to the informal conference provided for in COMAR 3.06.01.80 A.(2), (3), and (4).

Maryland Tax Court was ambiguous and remanded the case to the Maryland Tax Court for clarification. The appeal to this court then ensued.

■ The General Assembly has plainly provided that an appeal to the Maryland Tax Court will be permitted only where a taxpayer "has exhausted his remedies before the appropriate assessing or taxing authority." Md.Code, *supra*, Article 81, § 230. Failure of a taxpayer to comply with this requirement prevents the Tax Court from exercising its jurisdiction over any appeal by the taxpayer. In such a case, dismissal of the appeal by the Tax Court is mandated. *Boyd v. Supervisor of Assessments*, 57 Md. App. 603, 471 A.2d 749 (1984). In *Boyd* this Court held that the Circuit Court for Baltimore City erred in failing to dismiss an appeal from the Tax Court which had entertained an appeal of a property tax assessment notwithstanding the taxpayer's failure to appear before the Property Assessment Board, a required step in the administrative process established by the Legislature for challenging such an assessment. Judge Adkins, speaking for the Court, commented on the importance of this exhaustion of remedies requirement as a condition to invoking the jurisdiction of the Maryland Tax Court:

The purposes of the doctrine of exhaustion of administrative remedies are threefold. It is designed to encourage the determination of particular issues by agencies with special expertise to those issues; to avoid the judicial resolution of matters the legislature thought "could be best performed by an agency;" and to keep from the courts matters they might never be called upon to decide "if the prescribed administrative remedy was followed." ... we see no reason why the same principles should not apply when one seeks to avoid a statutorily prescribed step in the appellate hierarchy within the administrative structure of the executive branch.

If it is important that a court, before exercising its jurisdiction, should have the benefit of the exercise of

expertise by an administrative body, as well as the possibility of final determination at a pre-judicial stage, it is equally important that the Tax Court should enjoy these benefits before exercising its quasi-judicial powers.

57 Md.App. at 606, 607, 471 A.2d 749.

■ *Boyd* is dispositive of the issue presented in the instant case. The failure of Brand Iron's representative to appear at an informal conference, and later at the formal hearing on the revision of the tax assessment levied by the Comptroller, constituted express evasion of the prescribed remedies for challenging the assessment before the taxing authority. Because of this evasion, the appellee failed to satisfy the condition to invoking the jurisdiction of the Tax Court imposed by Md.Code, *supra*, Article 81, § 230. Moreover, it frustrated the legislative policy underlying that condition precedent to Tax Court jurisdiction in that the Comptroller was thereby effectively prevented from contributing its specialized store of knowledge and expertise to a possible resolution of the dispute over the assessment.

Faced with the taxpayer's failure to meet the prerequisite to an exercise of its jurisdiction, the Tax Court lacked any authority beyond dismissing the appellee's appeal. As an administrative agency created by the Legislature it possessed no power other than that granted by statute. *Shell Oil Co. v. Supervisor, supra*. Since the appeal to it was a nullity in light of Md.Code, Article 81, § 230, its purported remand was in direct contravention of that statutory limit on its jurisdiction as explained in *Boyd*. The Circuit Court erred in giving credence to that attempted exercise of unauthorized authority by the Tax Court.

ORDER REVERSED, WITH DIRECTION TO THE CIRCUIT COURT FOR BALTIMORE COUNTY TO REMAND THE CASE TO THE MARYLAND TAX COURT FOR DISMISSAL OF THE APPELLEE'S APPEAL;

COSTS TO BE PAID BY THE APPELLEE.