894 P.2d 52 (1995)
ISBILL ASSOCIATES, INC., Petitioner-Appellee, and
Board of Assessment Appeals of the State of Colorado, Appellee,
v.
JEFFERSON COUNTY BOARD OF COUNTY COMMISSIONERS, Respondent-Appellant.
No. 93CA2034.
Colorado Court of Appeals, Div. V.
March 9, 1995.
*53 Pamela J. Fair, Denver, for petitioner-appellee.
Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Mark W. Gerganoff, Asst. Atty. Gen., Denver, for appellee Board of Assessment Appeals of the State of Colo.
Frank J. Hutfless, Jefferson County Atty., Brian L. Utzman, William A. Tuthill, III, Stanley Monroe, Carolyn D.C. Justice, Asst. County Attys., Golden, for respondent-appellant.
Opinion by Judge METZGER.
Respondent, Jefferson County Board of County Commissioners (County), appeals the order of the Board of Assessment Appeals (BAA) granting taxpayer, Isbill Associates, Inc., an abatement of property taxes. The County contends that the taxpayer failed to exhaust available administrative remedies because it did not attend the County's property tax abatement hearing. As a result, the County contends, the BAA lacked subject matter jurisdiction. We affirm the order.
The facts are not in dispute. Taxpayer filed a timely petition with the County requesting a refund or abatement of real property taxes from 1990 through 1992 and the County set the matter for hearing. Although taxpayer received timely notice of the hearing, it did not attend or present evidence. However, the County Assessor did attend the hearing and presented evidence of the property's value. The County denied taxpayer's petition. Taxpayer then brought a timely appeal of the County decision to the BAA.
The County filed a motion to dismiss taxpayer's appeal. The BAA denied the motion and determined that taxpayer was not required to attend the county hearing to bring an appeal. It then reversed the County's decision and granted the abatement.
The County argues that the refund and abatement statutes require that the taxpayer attend the county hearing and present evidence in order to exhaust its administrative remedies before appealing the County's decision to the BAA. We disagree.
It is true that a tribunal "lacks jurisdiction to grant relief if a plaintiff has not exhausted his administrative remedies." Hoffman v. Colorado State Board of Assessment Appeals, 683 P.2d 783, 785 (Colo.1984). However, as our supreme court held in City & County of Denver v. Lewin, 106 Colo. 331, 336, 105 P.2d 854, 858 (1940):
[T]he legislature has plenary power on the matter of taxation, and it alone has the right and discretion to determine all questions of time, method, nature, purpose, and extent in respect of the imposition of taxes, the subjects on which the power may be exercised, and all the incidents pertaining to the proceedings from beginning to end....
Thus, we must examine the statutory scheme to determine the requirements the General Assembly has set out for taxpayers seeking an abatement of property taxes. Denver-Laramie-Walden Truck Line, Inc. v. Denver-Fort Collins Freight Service, Inc., 156 Colo. 366, 399 P.2d 242 (1965).
*54 The statutory right to challenge property valuation under the abatement or refund procedures is found at §§ 39-10-114(1)(a)(I)(A) and 39-1-113, C.R.S. (1994 Repl.Vol. 16B). See Board of Assessment Appeals v. Benbrook, 735 P.2d 860 (Colo. 1987). Section 39-10-114(1), C.R.S. (1994 Repl.Vol. 16B) requires the taxpayer to file a petition with the County. Section 39-1-113 requires that the County conduct a hearing before making a decision, but it contains no language mandating that a taxpayer be present at the hearing or produce any evidence.
Section 39-10-114.5(1), C.R.S. (1994 Repl. Vol. 16B) permits the taxpayer to appeal the County's complete or partial denial of the petition to the BAA, not later than 30 days after the entry of the decision. Landmark Petroleum, Inc. v. Board of County Commissioners, 870 P.2d 610 (Colo.App.1993). Section 39-2-125(1)(f), C.R.S. (1994 Repl.Vol. 16B) provides that the BAA may conduct a de novo review of decisions from the County. Board of Assessment Appeals v. Valley Country Club, 792 P.2d 299 (Colo.1990).
Here, the taxpayer timely filed the petition with the County and received notice of the hearing. After the mandatory hearing, taxpayer received notice of the County's denial of the petition and was informed that it had the "right to appeal this Board's decision to the State Board of Assessment Appeals (BAA)...." Taxpayer then filed a timely petition with the BAA.
We conclude that these actions of taxpayer constituted full compliance with the statutory requirements. Thus, the taxpayer fully exhausted the available administrative remedies, and therefore, the BAA correctly determined that it had jurisdiction to consider the appeal. Sections 39-2-125(1)(f) and 39-10-114.5, C.R.S. (1994 Repl.Vol. 16B). See Gunnison County v. Board of Assessment Appeals, 693 P.2d 400 (Colo.App.1984).
The County argues that its effectiveness and efficiency will be weakened if taxpayers are not required to attend the county level hearing. While that may be so, our responsibility is to construe and apply the statute in accordance with its terms. Boulder County Board of Equalization v. MDC Construction Co., 830 P.2d 975 (Colo. 1992). As well, a reviewing court must give deference to the interpretation given the statute by the agency charged with its administration. Howard Electric & Mechanical, Inc. v. Department of Revenue, 771 P.2d 475 (Colo.1989).
Here, the BAA noted that, while it did not necessarily agree with the way the statute was written, it concluded that the filing of a petition with the County was sufficient to preserve a taxpayer's appeal rights.
The County relies on cases from other jurisdictions to support its argument that taxpayer failed to exhaust its administrative remedies. These include Boyd v. Supervisor of Assessments, 57 Md.App. 603, 471 A.2d 749 (1984) (jurisdiction was denied on appeal because taxpayer failed to appear at inferior administrative hearing and petition was dismissed) and Mullenaux v. State, 293 Or. 536, 651 P.2d 724 (1982) (taxpayer failed to appear at administrative hearing and petition was dismissed). However, while other jurisdictions may require a taxpayer to attend the initial administrative hearing and to present evidence, here, we cannot engraft such a requirement on the controlling statute.
The order is affirmed.
MARQUEZ and CASEBOLT, JJ., concur.