Mike A. LEPRINO; First National Bank of Southeast Denver; Jack N. Hyatt, Trustee; Bank Western Federal Savings Bank, n/k/a Colorado National Bank, Petitioners–Appellees,

v.

Mary HUDDLESTON, Property Tax Administrator, State of Colorado, Respondent–Appellant,

and

Board of Assessment Appeals, State of Colorado, Appellee.

No. 94CA1544.

Colorado Court of Appeals, Div. III.

July 13, 1995.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Larry A. Williams, First Asst. Atty. Gen., Eugene C. Cavaliere, Senior, Asst. Atty. Gen., Denver, for respondent-appellant and appellee.

William A. McLain, P.C., William A. McLain, Denver, for petitioners-appellees.

Opinion by Judge HUME.

In this property tax case, respondent, the Property Tax Administrator (PTA), appeals from an order of the Board of Assessment Appeals (BAA) which overturned the PTA's rulings and granted the abatement/refund claims of petitioners, Mike A. Leprino, First National Bank of Southeast Denver, Jack N. Hyatt, as Trustee, and Bank Western Federal Savings Bank (taxpayers), as to the 1989 tax year. We affirm.

The sole issue on appeal is whether taxpayers' initial abatement/refund petitions to the county were timely filed under the applicable statutory scheme. We reject the PTA's arguments concerning the timeliness

issues and conclude, as did the BAA, that these petitions were indeed timely filed under the circumstances here.

The applicable limitations period for the filing of these petitions is set forth in § 39–10–114(1)(a)(I)(A), C.R.S. (1994 Repl.Vol. 16B), which provides, in pertinent part, that:

[I]n no case shall an abatement or refund of taxes be made unless a petition for abatement or refund is *filed* within two years after January 1 of the year following the year in which the taxes were levied. (emphasis added)

Here, it is undisputed that each of taxpayers' abatement/refund petitions as to the 1989 tax year was mailed to the county on December 31, 1991, but that each petition was not received by the county until January 3, 1992.

Thus, the dispositive issue here is whether these petitions were "filed" with the county on the date of mailing or on the date of receipt.

The PTA disapproved taxpayers' abatement/refund claims, ruling that the petitions were untimely filed because they were not actually received by the county within the statutory filing period. On appeal, the BAA overturned the PTA's rulings and granted taxpayers' abatement/refund claims, ruling that the mailing of the petitions within the statutory filing period constituted timely filing. We agree with the BAA's position on this issue.

Initially, we note that the meaning of the term "filed" as used in § 39–10–114(1)(a)(I)(A) is neither defined nor are any methods of filing addressed by that statute. We reject the PTA's argument that the decision in *Golden Aluminum Co. v. Weld County Board of County Commissioners*, 867 P.2d 190 (Colo.App.1993) resolved the issue as to what constitutes a filing under that statute. To the contrary, the division in that case expressly declined to decide this issue, finding such resolution unnecessary to determine the timeliness issue there presented.

We agree with the BAA's determination that, under the provisions of § 39–1–120(1)(a), C.R.S. (1994 Repl.Vol. 16B), abatement/refund petitions which are transmitted

by mail must be deemed to be "filed" on the date of mailing, as shown by the postmark date, for purposes of the filing deadline set forth in § 39–10–114(1)(a)(I)(A).

Section 39–1–120(1)(a) provides that:

Any report, schedule, *claim*, tax return, *statement, or other document* required or *authorized* under *articles 1 to 9* of this title to be *filed* with or any payment made to the state of Colorado or any political subdivision thereof which is transmitted through the United States mail *shall be deemed filed* with and received by the public officer or agency to which it was addressed *on the date shown by the cancellation mark stamped* on the envelope or other wrapper containing the document required to be filed. (emphasis added)

As noted by the PTA, application of the provisions of § 39–1–120(1)(a) is expressly limited, by its terms, to the filing of items by mail which are authorized under "articles 1 to 9" of title 39, while the applicable "filing" deadline here is set forth in § 39–10–114(1)(a)(I)(A).

However, we agree with the BAA that the filing of abatement/refund petitions is "authorized" under *both* article 1 *and* article 10 of title 39, pursuant to *both* §§ 39–1–113 *and* 39–10–114, C.R.S. (1994 Repl.Vol. 16B), respectively. Thus, because the statutory scheme allowing the filing of abatement/refund petitions is set forth in both statutory articles, we conclude that the provisions of § 39–1–120(1)(a) warrant the filing of such petitions by mail and provide that they are deemed filed on the postmark cancellation date.

■ We reach this conclusion for several reasons. First, we note that our primary task in construing statutory provisions is to ascertain and give effect to the intent of the General Assembly. *See* § 2–4–212, C.R.S. (1980 Repl.Vol. 1B). Moreover, ambiguous tax statutes are generally construed in favor of the taxpayer. *See, e.g., Douglas County Board of Equalization v. Fidelity Castle Pines, Ltd.*, 890 P.2d 119 (Colo.1995).

In addition, prior case authority has recognized that property tax challenges under the

abatement and refund procedure are governed by *both* §§ 39–1–113 *and* 39–10–114. *Gates Rubber Co. v. State Board of Equalization,* 770 P.2d 1189 (Colo.1989); *Isbill Associates, Inc. v. Jefferson County Board of County Commissioners,* 894 P.2d 52 (Colo. App.1995).

Thus, contrary to the PTA's argument, we perceive no intent by the General Assembly to alter the general rule applicable in all other property tax proceedings in the case of abatement/refund petitions filed with counties, to the effect that items filed by mail are deemed filed on the date of mailing, simply because the filing deadline for such petitions is set forth solely in § 39–10–114. Rather, construing the statutory scheme as a whole, we conclude that the General Assembly intended the same rule concerning filing by mail to apply to the filing of abatement/refund petitions with counties as well. *See* § 39–1–120(1)(a).

In further support for this conclusion, we note that § 39–1–113(1.7), C.R.S. (1994 Repl. Vol. 16B) sets forth a separate six-month deadline for county action to be taken on abatement/refund petitions, similarly computed from the date of "filing" of such petitions. Because this section is contained in article 1 of title 39, the provisions of § 39–1–120(1)(a) clearly apply to its terms. In our view, the General Assembly could not have intended that the "filing" date of mailed abatement/refund petitions be computed in different ways for purposes of taxpayer deadlines under § 39–10–114(1)(a)(I)(A) and county deadlines under § 39–1–113(1.7), and our holding here avoids this anomalous result.

Finally, we also reject the PTA's argument concerning this issue premised on the 1991 amendments to §§ 39–1–113 and 39–10–114.

When a limitation period for seeking relief under the abatement/refund procedure was first enacted in 1981, it was added to *both* §§ 39–1–113 *and* 39–10–114. *See* Colo.Sess. Laws 1981, ch. 446 at 1837–38; *Gates Rubber Co. v. State Board of Equalization, supra* (fn. 6). However, in amending this limitations period in 1991, the General Assembly placed the revised version *solely* in § 39–10–114. *See* Colo.Sess.Laws 1991, ch. 309 at 1962–63; *see generally Woodmoor Improvement Ass'n v. Property Tax Administrator,* 895 P.2d 1087 (Colo.App.1994) (describing the history and application of this limitation period).

Nevertheless, we note that § 39–1–120(1)(a), establishing the general rule concerning filing by mail, has remained unchanged in its present form since 1979, throughout the pertinent amendments to §§ 39–1–113 and 39–10–114 in 1981 and 1991. Moreover, in construing statutory provisions, a construction based on a finding of a legislative intent implicitly to repeal prior law is generally to be avoided. *See Property Tax Administrator v. Production Geophysical Services, Inc.,* 860 P.2d 514 (Colo.1993).

Consequently, contrary to the PTA's argument, absent a specific indication of such an intent, we are not persuaded that the General Assembly intended to remove the filing of abatement/refund petitions with counties from the general rule concerning filing by mail under § 39–1–120(1)(a) by placing the revised filing deadline solely in § 39–10–114 in the 1991 amendments to §§ 39–1–113 and 39–10–114.

Thus, we conclude that the BAA's order granting taxpayers' abatement/refund claims based on its ruling that such petitions were timely filed is supported by substantial evidence in the record as a whole and by the proper construction and application of the governing statutory scheme. Accordingly, the BAA's ruling will not be disturbed on review. *See* §§ 24–4–106(7) & 24–4–106(11)(e), C.R.S. (1988 Repl.Vol. 10A).

Order affirmed.

NEY and BRIGGS, JJ., concur.