NATIONAL JUNIOR COLLEGE ATHLETIC ASSOCIATION, Petitioner–Appellee,

and

Board of Assessment Appeals of the State of Colorado, Appellee,

v.

Mary HUDDLESTON, in her official capacity as Property Tax Administrator of the State of Colorado, Respondent–Appellant.

No. 96CA1359.

Colorado Court of Appeals, Div. II.

May 1, 1997.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1996 Cum.Supp.).

Wills & Adams, LLP, Wm. Andrew Wills, II, Colorado Springs, for Petitioner–Appellee.

No Appearance for Appellee.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Larry A. Williams, First Assistant Attorney General, Denver, for Respondent–Appellant.

Opinion by Judge MARQUEZ.

In this property tax case, respondent, the Property Tax Administrator (PTA), appeals from an order of the Board of Assessment Appeals (BAA) which overturned a ruling of the PTA and granted an exemption from *ad valorem* taxation to petitioner, the National Junior College Athletic Association (NJCAA), as to its nonresidential personal property for the 1994 and 1995 tax years. We affirm.

At issue in this appeal is whether the NJCAA is entitled, as a matter of law, to the charitable use property tax exemption for such property available to a "qualified amateur sports organization" within the meaning of the provisions of § 39–3–108(1.3), C.R.S. (1994 Repl.Vol. 16B). The PTA contends that the NJCAA does not meet all of the statutory criteria for such an exemption, while the BAA ruled otherwise. We conclude that the exemption was properly granted by the BAA.

Section 39–3–108(1)(a), C.R.S. (1994 Repl. Vol. 16B) provides, in general terms, for the exemption from the levy and collection of property tax as to nonresidential property which is owned and used solely and exclusively for "strictly charitable purposes," and not for private gain or corporate profit. *See also* Colo. Const. art. X, § 5 (similarly providing broad property tax exemption for property used solely and exclusively for "strictly charitable purposes," among other things).

In more particular terms, § 39–3–108(1.3) provides that:

Nonresidential property that is owned and used solely and exclusively by a *qualified amateur sports organization shall be pre-*

*sumed* to be owned and used solely and exclusively for strictly charitable purposes. For purposes of this subsection (1.3), the term "qualified amateur sports organization" means any organization organized and operated exclusively to foster local, statewide, national, or international amateur sports competition if such organization is also organized and operated primarily to support and develop amateur athletes for national or international competition in sports; except that no part of the net earnings of such organization inure to the benefit of any private shareholder or individual. *So long as a qualified amateur sports organization demonstrates* that its membership is *open to any individual* who is an amateur athlete, coach, trainer, manager, administrator, or official active in such sport or to any amateur sports organization that conducts programs in such sport, or both, the organization *shall be presumed* to provide public benefits to an indefinite number of persons and to directly benefit the people of Colorado whether or not the right to benefit may depend upon voluntary membership in the organization. (emphasis added)

Section 39–3–108(1.5), C.R.S. (1994 Repl.Vol. 16B) provides:

No requirement shall be imposed that use of property which is otherwise exempt pursuant to the provisions of this section shall benefit the people of Colorado in order to qualify for said exemption.

The facts pertinent to the NJCAA's claim to entitlement to the charitable use property tax exemption under § 39–3–108(1.3) for its nonresidential personal property are not in dispute.

At the evidentiary hearing before the BAA, the PTA's witness admitted that the NJCAA met the statutory criteria to constitute a "qualified amateur sports organization" as that term is defined in the *second sentence* of § 39–3–108(1.3).

Thus, it is undisputed, for example, that the NJCAA is a non-profit corporation exempt from federal income taxation under § 501(c)(3) of the Internal Revenue Code;

that its purpose, under its constitution and by-laws, is to promote and foster "junior college athletics" on intersectional and national levels consistent with the educational program of its member colleges and institutions; and that none of its net earnings inures to the benefit of any private shareholders or individuals.

However, asserting that the NJCAA has not shown that it meets all of the statutory criteria for the presumption under the *third sentence* of § 39–3–108(1.3), the PTA has consistently taken the position that the NJCAA is not entitled to the benefit of the presumption under § 39–3–108(1.3) that its property is used for "strictly charitable purposes" and thereby qualifies for exemption.

Specifically, in the PTA's view, the charitable use presumption of § 39–3–108(1.3) is not available to the NJCAA because participation in its activities is *not* "open to *any* individual" amateur athlete from the general public, but only to amateur athletes enrolled in member schools. The PTA has not otherwise challenged the applicability of the exemption provisions of § 39–3–108(1.3) to the NJCAA's property in any respect, but views the enrollment restriction as fatal to the NJCAA's exemption claim under the third sentence of § 39–3–108(1.3).

Following the hearing, the BAA rejected the PTA's construction of the third sentence of § 39–3–108(1.3) as "over-restrictive." Noting that the record established that the NJCAA includes over 500 member junior colleges involving some 46,000 student-athletes, the BAA ruled that the PTA's strict interpretation of the statute "might preclude an exempt status from such organizations as the Special Olympics, the Colorado High School Activities Association, the N.C.A.A., and other special purpose athletic organizations."

Based on its broader construction of these statutory provisions, the BAA ruled that "the subject personal property qualifies for an exemption under § 39–3–108(1.3)," and it therefore ordered the PTA to grant the NJCAA's exemption claim as to the 1994 and 1995 tax years at issue. This appeal followed.

The PTA contends that the BAA erred as a matter of law in ruling that the NJCAA met all of the statutory criteria to qualify for the exemption presumption under § 39–3–108(1.3) within the meaning of the third sentence of these statutory provisions. We disagree.

Our primary task in construing statutory provisions is to ascertain and give effect to the intent of the General Assembly. And, to discern that intent, we must look first to the language of the statute itself and give effect to the statutory terms in accordance with their commonly accepted meaning. *See Douglas County Board of Equalization v. Fidelity Castle Pines, Ltd.*, 890 P.2d 119 (Colo.1995); *Leprino v. Huddleston*, 902 P.2d 962 (Colo.App.1995).

■ Moreover, while tax exemption statutes generally are strictly construed against exemption, each case must be resolved on the basis of its own facts. *See American Water Works Ass'n v. Board of Assessment Appeals*, 38 Colo.App. 341, 563 P.2d 359 (1976). Further, ambiguous tax statutes generally are construed in favor of the taxpayer. *See Douglas County Board of Equalization v. Fidelity Castle Pines, Ltd., supra; Leprino v. Huddleston, supra.*

■ Contrary to the PTA's argument, we conclude that the General Assembly did not intend to exclude "special purpose" amateur athletic organizations such as the NJCAA from the benefit of the charitable use exemption presumption provided by § 39–3–108(1.3). Rather, we agree with the BAA that the PTA's construction of the meaning and scope of the third sentence of the exemption presumption provisions of § 39–3–108(1.3) is too restrictive.

The portion of the statute at issue does not impose an additional requirement to meet the definition of a "qualified amateur sports organization." Rather, it states that, so long as such an organization demonstrates that its membership is open to any individual, the organization is presumed to provide public benefits to an indefinite number of people and to benefit directly the people of Colorado. Thus, the presence of this factor entitles

the organization to a presumption supportive of its being tax exempt.

However, the absence of such a presumption does not automatically disqualify the organization from exempt status under the statute. Further, such a requirement would run counter to the provision of § 39–3–108(1.5) which states that no requirement is to be imposed that use of property which is otherwise exempt shall benefit the people of Colorado.

Here, it is undisputed that the NJCAA has met all of the other statutory criteria to constitute a "qualified amateur sports organization" under the other provisions of § 39–3–108(1.3). Thus, we conclude that the BAA properly ruled that the NJCAA's property qualified for the charitable use property tax exemption provided by that statute.

In light of this analysis, we need not address the other contentions of the parties concerning the exemption issues.

Accordingly, the BAA's order is affirmed.

CRISWELL and TAUBMAN, JJ., concur.