The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Jesse Gilbert GONZALES, Defendant–Appellant.

No. 97CA2102.

Colorado Court of Appeals, Div. I.

Jan. 7, 1999.

Defendant pled guilty in 1989 to one count of felony theft in violation of the provision now codified as § 18–4–401(2)(c), C.R.S.1998. He was sentenced to ten years in the Department of Corrections and was released on parole in 1994. His parole was revoked in December 1995.

While defendant was on parole, the statutes concerning reincarceration after revocation of parole were amended. The pertinent part of the controlling statute at the time of defendant's parole revocation stated:

> Upon a determination that the conditions of parole have been violated ... the state board of parole shall continue the parole in effect, modify the conditions of parole ... or revoke the parole and order the return of the offender to a place of confinement ... for any period up to the period remaining on such person's sentence ... or one year, whichever is longer. *In computing the period of reincarceration for an offender other than an offender sentenced for a nonviolent felony offense, as defined in § 17–22.5–405(5), the time between an offender's release on parole and the revocation of such parole shall not be considered to be part of the term of the sentence.*

Colo. Sess. Laws 1995, ch. 190, § 17–22.5–403 at 878 (emphasis added). An equivalent amendment was also made to § 17–22.5–303(7), C.R.S.1998, by the same act, as well as the addition of the following language to the definitional section referred to in the above-quoted amendment:

> As used in this subsection (5), unless the context otherwise requires, a 'nonviolent felony offense' means a felony offense other than a crime of violence as defined in section 16–11–309(2), C.R.S., [or] any of the felony offenses set forth in section[s] 18–3–104, 18–4–203, 18–4–301, or *18–4–401(2)(c)*, (2)(d), or (5), C.R.S....

Colo. Sess. Laws 1995, ch. 190, § 17–22.5–405 at 879 (emphasis added).

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Paul Koehler, Attorney General, Denver, Colorado, for Plaintiff–Appellee

Daniel W. Edwards, Denver, Colorado, for Defendant–Appellant

Opinion by Judge PLANK.

Defendant, Jesse Gonzales, appeals the trial court's order denying his Crim. P. 35(c) motion for postconviction relief. We affirm.

I.

Defendant contends that the exclusion of the type of felony theft set out in § 18–4–401(2)(c) from the definition of nonviolent felony offenses is irrational and unrelated to any legitimate governmental interest and,

therefore, violates his constitutional right to equal protection of the law. We disagree.

Statutes are presumed to be constitutional, and a litigant who asserts otherwise must prove that the statute is unconstitutional beyond a reasonable doubt. *People v. Fuller*, 791 P.2d 702 (Colo.1990).

When a statute does not create a suspect classification, such as one based on race or religious belief, it need have only a rational basis and be reasonably related to a legitimate governmental interest to be constitutional. *People v. Black*, 915 P.2d 1257 (Colo. 1996).

■ It is a legitimate governmental interest for the General Assembly to impose more severe punishment for conduct that it rationally perceives to be of greater social consequence. *See People v. Johnson*, 195 Colo. 350, 578 P.2d 226 (1978).

■ Here, defendant contends that the General Assembly's decision to exclude from the definition of "nonviolent felony offenses" the offense of felony theft as set out in § 18–4–401(2)(c) was irrational and unrelated to any legitimate governmental interest. In support of this contention, defendant points out that many other forms of felony theft, such as aggravated motor vehicle theft, theft of rental property, theft from an innkeeper, forgery, and fraud by check, were not excluded from the nonviolent classification.

We perceive no irrationality in the General Assembly's decision to provide an additional incentive for certain offenders not to violate the conditions of their parole. Neither is it irrational for the General Assembly to conclude that the three most serious types of offenses included in the general theft statute have greater social consequences than the other offenses in that statute, nor is it irrational to conclude that those offenses have greater social consequences than the other, more specific types of theft found in other statutory sections and enumerated by defendant. *See People v. Johnson, supra.*

Furthermore, because the General Assembly is in a superior position to determine the social consequences of crimes, we must give substantial deference to its considered determination of what constitutes a "non-violent felony offense." *See Breternitz v. City of Arvada*, 174 Colo. 56, 482 P.2d 955 (1971).

We therefore agree with the trial court that defendant has not proven beyond a reasonable doubt that the definition of "nonviolent felony offenses" in § 17–22.5–405(5)(b) in effect at the time of his parole revocation was irrational or unrelated to legitimate governmental interests. Hence, the statute did not operate to deny defendant equal protection of the law.

## II.

Defendant next contends in essence that, even if he was not denied equal protection of the law, the statute denying him credit toward his sentence for his time on parole is ambiguous and therefore must be construed in his favor pursuant to the rule of lenity. We also disagree with this contention.

■ The rule of lenity is applied to resolve an ambiguity in substantive criminal statutes in favor of the accused. *Wilczynski v. People*, 891 P.2d 998 (Colo.1995). However, the rule is to be applied only to resolve an "unyielding statutory ambiguity," not to create an ambiguity justifying a construction in favor of the defendant. *People v. Harris*, 914 P.2d 425, 430 (Colo.App.1995).

In 1997, the General Assembly amended § 17–22.5–405(5)(b) again, deleting from the list of offenses excluded from the definition of "nonviolent felony offenses" violations of §§ 18–4–401(2)(c), 18–4–401(2)(d), and 18–4–401(5). Colo. Sess. Laws 1997, ch. 264, § 17–22.5–405 at 1548. However, the act specifically states that the amendment applies only to offenses committed on or after July 1, 1993. Colo. Sess. Laws 1997, ch. 264, § 29 at 1550.

Defendant interprets the amendment as creating, in essence, an ambiguity as to what is included in the definition referred to by the 1995 version of § 17–22.5–403(6) after the 1997 amendment to § 17–22.5–405(5)(b), when considering offenses that were committed prior to July 1, 1993. Defendant therefore urges us to invoke the rule of lenity to resolve the ambiguity in his favor and, accordingly, to apply the 1997 amended defini-

tion in § 17–22.5–405(5)(b) to his parole revocation in 1995 involving his sentence for an offense committed before July 1, 1993.

■ Defendant's argument overlooks that his reincarceration following revocation of parole in 1995 was governed by the statutes then in effect. Defendant concedes that, at the time he was reincarcerated, the statutes denied him his time on parole as time served on his sentence.

Moreover, the General Assembly specifically directed that the amendment to the definition in § 17–22.5–405(5)(b) was to apply only to offenses committed on or after July 1, 1993. Rather than creating an ambiguity, we perceive the 1997 act as clearly expressing the General Assembly's intention, for parole revocation proceedings subsequent to its effective date of July 1, 1997, to deny time on parole as time served toward an offender's sentence for all offenses committed prior to July 1, 1993, and granting time on parole as time served on the sentence for certain defined "nonviolent felony offenses" committed after that date. *See* §§ 17–22.5–403(6) and 17–22.5–405(5)(b), C.R.S.1998.

Accordingly, we conclude that defendant is not entitled to credit toward his sentence for his time on parole because the statutes in effect at the time of his reincarceration expressly denied him such credit. The 1997 amendments to the statutes are inapplicable to defendant because his offense was committed prior to July 1, 1993, and because the effective date of the amendments was after his parole revocation proceeding.

The order is affirmed.

Judge METZGER and Judge ROTHENBERG concur.