**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**James B. REA, Defendant–Appellant.**

**No. 97CA2111.**

Colorado Court of Appeals, Div. V.

Sept. 30, 1999.

Rehearing Denied Dec. 9, 1999.

Certiorari Denied Aug. 21, 2000.*

---

* Justice COATS does not participate.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, John Daniel Dailey, Assistant Solicitor General, Miles Madorin, Special Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Law Office of Marks & Hostetler, Richard A. Hostetler, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, James Rea, appeals the judgment of conviction entered upon a jury verdict finding him guilty of failing to account truthfully for and pay over sales and transit taxes. We affirm.

Defendant operated a guest ranch in Pitkin County from 1990 to 1995 that sold lodging, recreational activities, food, and retail goods. Inasmuch as the ranch qualified as a retailer under the state sales tax code, defendant was required to collect, account for, and pay over sales and transit taxes to the Department of Revenue.

In 1992, defendant obtained a tax license and collected state and local sales taxes from 1992 until 1995. However, he failed to file tax returns and pay the collected taxes on the twentieth of each month to the executive director of the Department of Revenue as required by the state sales tax statute.

In 1994, the Department of Revenue began investigating defendant for failure to pay sales taxes. According to an agent, defendant admitted that he had failed to remit sales taxes because he had experienced financial difficulty and was unable to pay over the taxes without jeopardizing the business. After this conversation, the agent initiated a criminal investigation.

By 1995, defendant had not remitted the overdue sales taxes, so the Department of Revenue initiated formal collection procedures. Defendant ultimately paid the taxes that were past due, but he, nevertheless, was tried and found guilty of failing truthfully to account for and pay over sales and transit taxes pursuant to § 39–21–118(2), C.R.S. 1999.

## I. Construction of Statute to Include Timely Payment Requirement

■ Defendant first asserts that the trial court erred by interpreting § 39–21–118(2) as requiring payment of taxes when due according to the schedule set forth in the sales tax statute. We are not persuaded.

Section 39–21–118(2) makes it a felony for individuals willfully to fail to collect, truthfully account for, or pay over any tax where the tax code imposes such a duty. Prior to trial, defendant contended that this statute did not contain a time element and that, because the statute did not define the offense as the failure to pay taxes *when due,* no such timeliness element could be reasonably inferred.

The trial court, however, read § 39–21–118(2) in conjunction with other provisions of the tax code and interpreted it as requiring payment when such payment is due under the sales tax provision of the code. Thus, the trial court defined the offense in the jury instructions as the failure truthfully to account for or pay over sales taxes *at the time required by law.* We agree with the trial court's interpretation.

■ Interpretation of a statute is a question of law, and an appellate court is not bound by the trial court's interpretation. *Fogg v. Macaluso,* 892 P.2d 271 (Colo.1995).

■ In construing statutory provisions, our obligation is to give full effect to the legislative intent. *Colby v. Progressive Casualty Insurance Co.,* 928 P.2d 1298 (Colo. 1996).

■ If the legislative intent is conveyed by the commonly understood and accepted meaning of the statutory language, we proceed no further. However, if the statutory language is ambiguous, we look to principles of statutory construction to ascertain legislative intent. *Gorman v. Tucker,* 961 P.2d 1126 (Colo.1998).

■ In interpreting a comprehensive legislative scheme, we must give meaning to all of its parts and construe the statutory provisions to further the legislative intent. *Hud-*

*dleston v. Grand County Board of Equalization,* 913 P.2d 15 (Colo.1996).

■ Thus, a statute must be read and considered as a whole and should be construed to give consistent, harmonious, and sensible effect to all of its parts. *Brooke v. Restaurant Services, Inc.,* 906 P.2d 66 (Colo. 1995).

Here, defendant argues the plain meaning of § 39–21–118(2) is that, in regard to avoiding criminal liability, an individual who has collected taxes on behalf of the state is faced with no time limit in remitting those taxes. Thus, according to defendant, one who pays over collected taxes at any time after the due date, although subject to civil fines and fees for tardiness, would not be subject to criminal prosecution under this section.

Defendant asserts that the differences in the language used in § 39–21–118(2) and § 39–21–118(3), C.R.S.1999, demonstrate a purposeful exclusion of the timely payment requirement in § 39–21–118(2). We are not persuaded.

Section 39–21–118(2), C.R.S.1999, provides: Any person required under any title administered by the department to collect, account for, or pay over any tax, who willfully fails to collect or truthfully account for or pay over such tax, ... is guilty of a class 5 felony....

Section 39–21–118(3) provides that any person who is required to pay any tax or estimated tax who willfully fails to do so "at the time or times required by law or regulations," is guilty of a misdemeanor.

Colorado revenue statutes provide that sales taxes are collected and held in trust for payment to the Department of Revenue. Such taxes must be paid to the Department on the twentieth day of the month following the month in which the taxes were collected. *See* §§ 39–26–105(1)(a) and 39–36–118(1), C.R.S.1999.

Defendant urges that, because this explicit timely payment requirement is contained in § 39–21–118(3), but not in § 39–21–118(2), the General Assembly purposefully rejected any timely payment requirement for § 39–21–118(2). If we were to view § 39–21–118(2) and § 39–21–118(3) in a vacuum, this contention might be persuasive. However, in light of the broader sales tax scheme discussed below, we do not consider the language differences between § 39–21–118(2) and § 39–21–118(3) as being dispositive of legislative intent.

Further, as discussed below, we conclude that § 39–21–118(3) does not apply to violations of the sales tax code.

■ We recognize that the plain language of § 39–21–118(2) does not explicitly provide for a timeliness element. However, the lack of an express timeliness element is not dispositive in discerning the statute's meaning. *See Gorman v. Tucker, supra.*

■ Because this penalty provision is one part of a greater statutory scheme, we must read and consider the tax statute as a whole and construe it to give consistent, harmonious, and sensible effect to all of its parts. *See Brooke v. Restaurant Services, Inc., supra.*

Section 39–26–105, C.R.S.1999, generally defines the obligations of retailers/vendors and, as noted, imposes a legal duty on retailers to pay over sales taxes before the twentieth day of each month.

Section 39–26–120(1), C.R.S.1999, makes it unlawful to fail to pay over sales taxes in a timely manner. This statute provides, in pertinent part: "It is unlawful for any retailer or vendor to ... fail and refuse to make payment to the executive director of the department of revenue of any taxes collected or due the state...."

Further, § 39–26–120(2) provides that: "Any person willfully violating any of the provisions of this section is guilty of a felony."

This statute imposes criminal liability for willfully failing to "make payment" of sales taxes "due the state." Thus, § 39–26–120 indicates that an individual subjects himself or herself to liability for a felony by willfully failing to "make payment" of sales taxes when such taxes become due to the state. In addition, § 39–26–121, C.R.S.1999, which further defines the penalty for violating § 39–26–120, provides: "[A]ny person guilty of a

felony, as defined and declared in this part 1, upon conviction thereof, shall be punished as provided by section 39–21–118."

Accordingly, this language makes it clear that the General Assembly intended that one who willfully fails to pay sales taxes due the state at the time required may be charged under § 39–21–118(2) and prosecuted for commission of a felony.

Construing § 39–21–118(2) together with § 39–26–105, § 39–26–120, and § 39–26–121, we are convinced that the General Assembly intended to premise liability on a failure to make *timely* payment of sales tax monies collected. Decisions from other jurisdictions support this conclusion.

Thus, for example, in *Commonwealth v. Boyle,* 533 Pa. 360, 625 A.2d 616 (1993), although a criminal provision of the sales tax code did not expressly include a timeliness requirement, the Pennsylvania Supreme Court affirmed the defendant's conviction for failure to file sales tax returns because relevant civil provisions of the tax code specified when the sales tax returns were due. The court rejected the defendant's contention that there was no timeliness element in the state statute because it did not contain language such as, "at the time or times required by law or regulations," as is contained in 26 U.S.C. § 7203, part of the Internal Revenue Code. The court concluded that the omission of such language, identical to that contained in § 39–21–118(3), did not compel the conclusion that a timely payment requirement was not included as part of the statute under which defendant was convicted. Thus, the rationale of the *Boyle* court supports our conclusion that § 39–21–118(2) contains a timely payment requirement. *See also State v. Averyt,* 179 Ariz. 123, 876 P.2d 1158 (Ariz. App.1994); *Commonwealth v. Perlman,* 392 Pa.Super. 1, 572 A.2d 2 (1990).

Nevertheless, defendant contends that we should construe § 39–21–118(2) as exposing an individual to criminal liability under this section only if he or she "ultimately" fails to pay over sales taxes. However, such construction of the statute would lead to absurd results, and thus, we reject it. *See Hall v. Walter,* 969 P.2d 224 (Colo.1998) (statutory construction that leads to absurd results will not be followed).

Defendant's proposed construction of the statute would allow individuals willfully to fail to pay over sales taxes when legally required to do so, but nonetheless escape criminal liability under this section by paying any deficiencies at some later date. This interpretation could encourage non-compliance until such time as, for instance, an individual suspects he or she is under criminal investigation.

Defendant's construction contemplates an *unlimited* amount of time for individuals to pay over funds belonging to the state with no potential for criminal liability under this provision. Thus, a prosecutor might not be able to charge an individual under this statute until evidence existed that the individual would never pay over the owed taxes. In addition, the required criminal intent of willfulness would be nearly impossible to prove because the prosecution would have to show that an individual intended never to pay. Such a construction of this provision would render it virtually unenforceable.

We also reject defendant's contention that his interpretation of § 39–21–118(2) will not lead to an absurd result because of the presence of § 39–21–118(1), C.R.S.1999. Specifically, defendant asserts that he could have been prosecuted under this section, which provides, in pertinent part, that "any person who willfully attempts in any manner to evade or defeat any tax administered by the Department or the payment thereof . . . is guilty of a Class 5 felony. . . ." We disagree.

Section 39–21–118(1), like § 39–21–118(2), contains no timely payment requirement. Accordingly, if defendant had been prosecuted under the former statute, he could raise the same timely payment requirement arguments he raises now.

■  Defendant further contends that the rule of lenity applies because there are two reasonable interpretations of the statute at issue here. We disagree.

■■  When a tax statute is ambiguous, courts must interpret the statute in favor of the taxpayer. *See Douglas County Board of Equalization v. Fidelity Castle Pines, Ltd.,*

890 P.2d 119 (Colo.1995); *Leprino v. Huddleston,* 902 P.2d 962 (Colo.App.1995). However, where no ambiguity exists, the rule of lenity does not apply. *See People v. Swain,* 959 P.2d 426 (Colo.1998); *People v. Gonzales,* 973 P.2d 732 (Colo.App.1999). That is the case here.

■ In a final challenge to the trial court's construction of the statute, defendant asserts that inferring a timely payment requirement in § 39–21–118(2) would render the statute unconstitutionally vague, thus violating federal and state due process requirements. We disagree.

■ In reviewing a statute adopted by the General Assembly, we presume that it comports with constitutional standards. *People v. Holmes,* 959 P.2d 406 (Colo.1998).

■ When a statute is challenged as void for vagueness, the essential inquiry is whether the statute describes the forbidden conduct in terms so vague that persons of common intelligence cannot readily understand its meaning and application. *People v. Gross,* 830 P.2d 933, 937 (Colo.1992).

■ Although the statute must define the criminal offense with sufficient definiteness to give fair warning of the prohibited conduct, it must also be general enough to address the problem under varied circumstances and during changing times. *People v. Longoria,* 862 P.2d 266 (Colo.1993).

Here, defendant contends that, if a timely payment requirement is inferred as part of the statute, then it would fail to give adequate notice of its requirements to individuals who may be subject to prosecution because it would not specify when a taxpayer becomes liable for failure to pay over sales taxes.

However, inferring a timeliness element in § 39–21–118(2) that is consistent with the sales tax payment schedule serves to clarify the statute with respect to the point at which criminal liability attaches. This construction provides sufficient definiteness to give fair warning of the prohibited conduct. The timeliness requirements of § 39–21–118(2), § 39–26–105, and § 39–26–120 are consistent under this interpretation and reinforce each other. Thus, persons of common intelligence can readily understand the provision's meaning and application.

## II. Jury Instructions Concerning "Willfully"

Defendant also contends that the trial court erred in instructing the jury that he "willfully" violated § 39–21–118(2), if he knew of the legal duty to account for and pay over sales taxes as required by law, and then knowingly failed to do so. We find no reversible error.

Prior to trial, the prosecution filed a motion asking the court to define "willfully" as it applied to § 39–21–118(2). Defendant responded by asserting that the proper standard was that used in *Cheek v. United States,* 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991). In *Cheek,* the Supreme Court determined that, at least in cases of certain federal criminal tax offenses, to establish "willfulness," the federal government must prove that the law imposed a duty on the defendant, that the defendant knew of that duty, and that he or she voluntarily and intentionally violated that duty.

Over the prosecution's objection, the trial court agreed that the *Cheek* standard was proper here, and gave an instruction requiring proof by the prosecution that defendant knew he had a legal duty to account truthfully for and pay over sales taxes, and that he knowingly failed to do so at the time such taxes became due. In doing so, the trial court rejected defendant's interpretation of the *Cheek* holding as requiring the prosecution to prove that defendant knew that violating his legal duty constituted a crime.

The People urge us to disapprove the trial court's application of the *Cheek* standard. They assert that the trial court erred by adopting the willfulness standard espoused in *Cheek,* because the sales tax at issue here is a trust tax, and the *Cheek* standard does not apply to trust taxes. However, in light of our conclusion below that the application of *Cheek* was not reversible error, we decline to address this contention.

■ Nevertheless, we reject defendant's contention that the trial court erred in hold-

ing that *Cheek* does not require proof that defendant knew that the violation of a known legal duty would result in criminal liability. In *Cheek*, the Supreme Court explained that the defendant must simply be aware of the legal duty at issue, as opposed to the situation where an individual has a good-faith belief that he or she "was not violating *any* of the provisions of the tax laws.... This is so because one cannot be aware that the law imposes a duty upon him and yet be ignorant of it, misunderstand the law, or believe that the duty does not exist." *Cheek v. United States, supra*, 498 U.S. at 202–03, 111 S.Ct. at 610–11, 112 L.Ed.2d at 630 (emphasis added).

Thus, it was sufficient for the prosecution to show that defendant knew he had a legal duty to account for and pay over sales taxes on time, and that he knowingly failed to do so, regardless of whether defendant was aware that his tax violations would subject him to criminal liability.

### III. Lesser Offense Instruction

Defendant next asserts that the trial court erred by refusing to instruct the jury on the misdemeanor offense described in § 39–21–118(3) as a lesser, non-included offense. We are not persuaded.

A defendant is entitled to an instruction on a lesser non-included offense as a theory of the case instruction as long as there is a rational basis in the evidence to support an acquittal of the greater offense and a conviction of the lesser offense. *People v. Garcia*, 940 P.2d 357 (Colo.1997).

The rationale for allowing such an instruction is to ensure that a jury does not convict a defendant of an offense greater than the one actually committed merely because the greater offense is the only crime charged and the jury is aware that some crime was committed. *People v. Garcia, supra*.

As noted above, § 39–21–118(3) essentially provides that any person who is required to pay any tax or estimated tax, or to make a return, keep records, or supply information, and who willfully fails to do so at the time or times required by law, is guilty of a misdemeanor.

Here, the trial court determined that § 39–21–118(3) did not apply to defendant's conduct. We agree.

We concur with the People's contention that § 39–21–118(3) does not apply to sales taxes. Both § 39–21–118(2) and § 39–21–118(3) regulate the obligation to file tax returns and pay taxes. Nevertheless, it is illogical to assume that the General Assembly intended to punish identical conduct as both a felony and a misdemeanor. Accordingly, we conclude that these statutes cover different behavior and that § 39–21–118(2) specifically applies to sales and transit taxes, those at issue here.

The difference in language between the two statutes is instructive. Section 39–21–118(2) applies to persons required "to collect, account for, or pay over" any tax. Such language is apposite for sales and transit taxes in which a vendor serves as a fiduciary by collecting the taxes from customers, with the responsibility then to "pay over" such taxes to the Department of Revenue.

In contrast, § 39–21–118(3) applies to any person required "to pay any tax or estimated tax," among other things, but does not refer to the collection or paying over of taxes. Accordingly, we conclude that these two subsections were intended to encompass different conduct.

As discussed above, the General Assembly set forth the criminal sanctions for failing to pay over sales taxes in § 39–26–120(1) and § 39–26–120(2). These sections provide that anyone who willfully engages in this conduct is guilty of a felony. In addition, § 39–26–121, which further defines the penalty for violating § 39–26–120, refers to § 39–21–118 in the context of a felony conviction.

Thus, we find no indication that the General Assembly intended the misdemeanor provision in § 39–21–118(3) to apply to violations of the sales tax code. Accordingly, defendant's conduct did not fall within the purview of § 39–21–118(3), and no instruction on the offense contained therein was warranted.

### IV. Sufficiency of Evidence

Defendant finally asserts that the evidence was insufficient to support his con-

viction under § 39–21–118(2). We are not persuaded.

A challenge to the sufficiency of the evidence requires a reviewing court to determine whether the relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conviction by a reasonable person that the defendant is guilty of the crime charged beyond a reasonable doubt. *People v. Inman*, 950 P.2d 640 (Colo.App.1997).

Here, defendant bases his argument on the premise that § 39–21–118(2) does not subject him to criminal liability for untimely payment; and asserts that, because he eventually paid over the sales taxes that he owed the state, the evidence is insufficient to convict him.

We have determined, however, that defendant subjected himself to criminal liability when he willfully failed to pay his sales taxes when they became due. The substantial evidence before us is sufficient to support defendant's conviction under this analysis.

The judgment is affirmed.

Judge PLANK and Judge KAPELKE concur.