**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**Bolivar PINEDA–ERIZA, Defendant–
Appellant.**

**No. 98CA0721.**

Colorado Court of Appeals,
Div. III.

March 1, 2001.

As Modified on Denial of Rehearing
June 7, 2001.

Certiorari Denied July 1, 2002.

Ken Salazar, Attorney General, M. Catherine Duba, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Karen M. Gerash, Deputy State Public Defender, Julie Iskenderian, Deputy State Public Defender, Denver, CO, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, Bolivar Pineda–Eriza, appeals from the judgment of conviction entered on a jury verdict finding him guilty of: possession with intent to sell a controlled substance; possession; conspiracy to sell; special offender/importation; and possession with intent to sell greater than 28 grams of a controlled substance. We remand the cause to vacate defendant's conviction and sentence for possession with the intent to sell greater than 28 grams of a controlled substance, and otherwise affirm.

The trial court initially sentenced defendant on five substantive counts to: 12 years

of incarceration for possession with intent to sell a controlled substance; 12 years for possession; 12 years for conspiracy to sell; 24 years for special offender/importation; and 12 years for possession with intent to sell greater than 28 grams of a controlled substance.

Subsequently, the trial court found that it erroneously had treated the special offender/importation charge as a substantive offense, rather than a penalty enhancer, under Colo. Sess. Laws 1992, ch. 71, § 18–18–407(1) at 361. Accordingly, the court vacated the special offender/importation conviction and enhanced defendant's sentence on the substantive offense of possession with intent to sell a controlled substance to 24 years and one day. This appeal followed.

## I.

Initially, defendant contends that his conviction for possession with intent to sell greater than 28 grams of a controlled substance must be vacated because the jury's finding related to this charge was a sentence enhancer "as opposed to a substantive offense." We agree.

## A.

The People concede that the jury's verdict finding that defendant possessed over 28 grams of cocaine was the basis of a sentence enhancement, as opposed to a substantive offense, pursuant to § 18–18–405(3)(a)(I), C.R.S.2000. *See People v. Salcedo,* 985 P.2d 7 (Colo.App.1998) (vacating the defendant's substantive conviction and sentence for possession of 28 grams or more of cocaine), *rev'd on other grounds,* 999 P.2d 833 (Colo.2000). The People therefore agree that this substantive conviction must be vacated, but the parties disagree as to how this sentence enhancer should be applied to defendant's convictions.

## B.

Defendant contends that the § 18–18–405(3)(a)(I) sentence enhancer could only be applied to the possession with intent to sell conviction. However, because that conviction has already been enhanced by § 18–407(1) (special offender/importation) and because § 18–18–405(3)(a)(I) provides that it is not applicable in that situation, defendant contends that the sentence enhancement for his possession of over 28 grams of cocaine should also be vacated.

The People do not dispute that here, the sentence enhancer for possessing more than 28 grams of cocaine cannot be applied to defendant's possession with intent to sell conviction. Rather, they assert that it should be applied to one of defendant's other substantive convictions, either possession or conspiracy to possess. We reject that assertion.

Section 18–18–405(3)(a) provides, in pertinent part, that:

> Except as otherwise provided in section 18–18–407 relating to special offenders, any person convicted ... for knowingly manufacturing, dispensing, selling, distributing, possessing, or possessing with intent to manufacture, dispense, sell, or distribute, or inducing, attempting to induce, or conspiring with one or more other persons, to manufacture, dispense, sell, distribute, possess, or possess with intent to manufacture, dispense, sell, or distribute an amount that is ...
>
> (I) At least twenty-five grams or one ounce but less than four hundred fifty grams of any material ... that contains a schedule I or schedule II controlled substance ... shall be sentenced to the department of corrections for at least the minimum term of incarceration in the presumptive range provided for such offense....

Here, the record indicates that defendant was charged with unlawful possession with intent to sell 28 grams or more of cocaine. Thus, defendant was only on notice that the § 18–18–405(3)(a)(I) sentence enhancer was applicable to the intent to sell charge.

As a result, even if the § 18–18–405(3)(a)(I) sentence enhancer could be applied to a different substantive offense as the People propose, the charge only allowed for the 28 grams or more of a controlled substance to be applied to the possession with intent to sell conviction of which defendant had notice in the charging document.

Hence, the § 18–18–405(3)(a)(I) sentence enhancer cannot apply to either of defendant's other substantive convictions.

And, therefore, we conclude that defendant's conviction and sentence for possession with intent to sell greater than 28 grams of a controlled substance must be vacated, and may not be applied as a sentence enhancer to either defendant's possession conviction or his conspiracy conviction. *See People v. Esquivel–Alaniz,* 985 P.2d 22 (Colo.App.1999).

## II.

Defendant also contends, for the first time on appeal, that his conviction and sentence as a special offender/importation under § 18–18–407(1) must be reversed because the jury did not find that he "knowingly" imported cocaine into the state. We disagree.

A division of this court has previously found that a *mens rea* requirement is neither included in nor implied by the special offender statute. *People v. Vazquez,* 768 P.2d 721 (Colo.App.1988). Additionally, we are not persuaded by defendant's argument, based on legislative history, that the *mens rea* of "knowingly" was intended by the General Assembly to be applied to all the provisions of the Uniform Controlled Substance Act.

■ Because the special offender statute concerns a sentence enhancement, and not a substantive offense, *see Vega v. People,* 893 P.2d 107 (Colo.1995), we conclude that it is not required to contain a *mens rea* requirement. *See People v. Ramirez,* 997 P.2d 1200, 1205 (Colo.App.1999) (*cert. granted* April 24, 2000) ("[o]nce a jury has determined that a defendant possessed the mental state required for conviction of the substantive offense, an enhanced sentence must be imposed whether or not the defendant fully knew of the circumstances leading to the special offender finding");. *People v. Vazquez, supra.*

## III.

■ Defendant next contends that the trial court erred in concluding that, as a special offender, the minimum mandatory enhanced sentence defendant could receive for possession with intent to sell a controlled substance

was 24 years and one day. Again, we disagree.

At the time of the commission of these offenses, the finding of a special offender status required that the trial court:

> sentence the defendant to a term greater than the presumptive range for a class 2 felony but not more than twice the maximum term for a class 2 felony authorized in the presumptive range for the punishment of such felony.

Colo. Sess. Laws 1992, ch. 71, § 18–18–407(1) at 361. Within the presumptive range, a class 2 felony is punishable by a sentence of 8 to 24 years. Section 18–1–105(1)(a)(V)(A), C.R.S.2000. Thus, the trial court found that the minimum term of enhanced sentencing in this case was 24 years and one day.

Defendant argues that, although this may be the correct interpretation of that version of § 18–18–407(1), the statute also may be interpreted as mandating an aggravated sentence (a term of incarceration of at least the midpoint in the presumptive range) when read in conjunction with the language requiring a term of years not greater than twice the maximum presumptive range. Relying upon *People v. Leske,* 957 P.2d 1030 (Colo. 1998), he argues that the rule of lenity applies, and thus the ambiguity must be resolved in his favor.

Our review of the applicable version of § 18–18–407(1) does not reveal any ambiguity, and thus the rule of lenity does not apply. The statute requires that the enhanced sentence be, at a minimum, "greater than the presumptive range for a class 2 felony." But, the sentence cannot be "more than twice the maximum term for a class 2 felony authorized in the presumptive range for the punishment of such felony." Thus, the applicable range of punishment for an enhanced class 2 felony was greater than 24 years, and up to a maximum of 48 years. Defendant's sentence of 24 years and one day falls at the lowest point within that required range.

Therefore, we conclude that the language of the statute is not ambiguous, and the trial court did not err in sentencing defendant.

## IV.

Defendant also contends that the trial court erred in concluding that it had no authority to reconsider his sentence in light of the lesser penalties provided in the amended version of the special offender statute. We find no error.

■ Defendant committed the crimes at issue on February 12, 1997 and, as a result, he was sentenced under the version of § 18–18–407(1) discussed above. However, § 18–18–407(1) was subsequently amended, effective about four months later on July 1, 1997. The effect of the amendment was to reduce the minimum sentence for an enhanced class 2 felony from 24 years and one day, to 8 years. *See* §§ 18–18–407(1), C.R.S.2000 (requiring a sentence of "at least the minimum term of years within the presumptive range for a class 2 felony") & 18–1–105(1)(a)(V)(A) (presumptive range is 8 to 24 years).

Defendant argues that when, as here, there has been a significant change in the law applied to the applicant's sentence, the changed legal standards should be applied retroactively in the interests of justice. *See* § 18–1–410(1)(f)(I), C.R.S.2000 (regarding post-conviction relief); *People v. Thomas,* 185 Colo. 395, 525 P.2d 1136 (1974).

■ The trial court determined that it did not have any discretion to reduce defendant's sentence under the amended statute, because the effective date clause of the amendment specifically provides that it applies only to offenses committed on or after July 1, 1997. *See* Colo. Sess. Laws 1997, ch. 264, § 18–18–407(1) at 1550. A defendant is not entitled to the ameliorative effects of amendatory legislation if the legislature has not indicated its intent to require retroactive application thereof. *People v. McCoy,* 764 P.2d 1171, 1174 (Colo.1988) ("[w]hen the language of a statute is clear, we must give the statute effect as written"); *People v. Macias,* 631 P.2d 584 (Colo.1981).

Defendant, by referring us to the legislative history, argues that the retroactive application of the amendatory legislation would not be contrary to the legislative intent in his particular case. However, nothing in the statute even suggests a retroactive applica-

tion. Rather, it is specific that the amendatory legislation is to have prospective application only. *See People v. McCoy, supra.*

Thus, because defendant committed the crimes at issue in February 1997, the trial court did not have discretion to sentence him pursuant to the amended special offender statute, which specifically provided that it applies only to offenses committed on or after July 1, 1997.

## V.

Finally, defendant contends that the trial court erred in denying his motion for judgment of acquittal because the evidence presented was insufficient to sustain his convictions. We again find no error.

■ Narcotic detectives at Denver International Airport stopped defendant and a woman standing near him on the basis of their suspicious behavior after they disembarked from a flight from Los Angeles. After he was searched, defendant was released. The officers detained the woman, and 2.2 pounds of cocaine was found hidden under her clothing.

The woman indicated that the cocaine was not hers and that it belonged to defendant. Defendant was subsequently arrested, but denied having any connection with the woman or with the cocaine. At trial, the woman testified, in exchange for favorable treatment, that defendant had offered her $1000 to carry the package to Denver.

Defendant specifically argues that the prosecution failed to establish, beyond a reasonable doubt, that he possessed or exercised control over any amount of cocaine, or that he agreed to or intended to promote or facilitate the woman's possession thereof. We are not persuaded.

■ In ruling on a motion for judgment of acquittal, the issue before the trial court is whether relevant evidence, both direct and circumstantial, is substantial and sufficient to support the conclusion by a reasonable mind that the defendant is guilty of the charges beyond a reasonable doubt. *People v. Stark,* 691 P.2d 334 (Colo.1984). When the sufficiency of the evidence is challenged, an appellate court must review all the evidence in the light most favorable to the prosecution; in so doing, the court must draw all infer-

ences most favorable to the jury's verdict. *People v. Trujillo*, 190 Colo. 45, 543 P.2d 523 (1975).

Here, the evidence, viewed as a whole and in the light most favorable to the prosecution, is sufficient to support the jury's verdict that defendant had control over the cocaine as a complicitor. Possession was properly defined in a jury instruction as "the immediate and knowing dominion or control over the object or the thing allegedly possessed." Consistent with that definition, the woman testified at trial that defendant paid her the money to carry the cocaine, he told her where to find the cocaine and how to hide it, he supplied her with a plane ticket, and then he told her what to do when they arrived in Denver.

We therefore conclude that the evidence was sufficient to support the jury's determination that defendant possessed the cocaine, and, in turn, that the trial court did not err in denying defendant's motion for acquittal.

The cause is remanded to the trial court with directions to vacate defendant's conviction and sentence for possession with intent to sell 28 grams or more of a controlled substance. The judgment is affirmed in all other respects.

MARQUEZ and NIETO, JJ., concur.