The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Edwin **MARTINEZ,** Defendant–Appellant.

No. 00CA1808.

Colorado Court of Appeals, Div. II.

Sept. 27, 2001.

As Modified on Denial of Rehearing Nov. 1, 2001.

Ken Salazar, Attorney General, John J. Fuerst, III, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Edwin Martinez, Defendant–Appellant, pro se.

Opinion by Judge CASEBOLT.

Defendant, Edwin Martinez, appeals the order denying without a hearing his Crim. P. 35(c) motion for postconviction relief. We affirm in part, reverse in part, and remand for correction of the mittimus.

Defendant was convicted after a jury trial of being a special drug offender (count one); possession with intent to sell twenty-eight grams or more of cocaine (count two); possession with intent to sell a controlled substance, methamphetamine (count three); possession of marijuana with intent to distribute; and possession of more than eight ounces of marijuana. A division of this court affirmed defendant's convictions on direct appeal. *People v. Martinez,* (Colo.App. No. 96CA1574, Apr. 16, 1998)(not selected for official publication).

Defendant then filed a Crim. P. 35(c) motion for postconviction relief. The trial court denied the motion without holding a hearing or appointing counsel to assist defendant. However, the court issued an amended mittimus to reflect the twelve-year term of imprisonment it had imposed at sentencing for defendant's conviction on count three. This appeal followed.

### I.

Defendant contends that his conviction for possession of twenty-eight grams of cocaine under count two must be vacated because it is not a statutory offense. Therefore, he argues, his conviction violates his rights to due process under the United States and Colorado Constitutions. We disagree.

Section 18–18–405(1), C.R.S.2001, sets forth the offense of unlawful sale or possession of a controlled substance. The version of § 18–18–405(3) in effect at the time of defendant's offense prescribed a minimum penalty to be imposed if a defendant was convicted of possession with the intent to sell twenty-eight grams or more of cocaine. *See* Colo. Sess. Laws 1992, ch. 71, at 357. Accordingly, the amount of cocaine constituted a sentence enhancing circumstance and did not form part of the substantive offense. *See People v. Ramirez,* 997 P.2d 1200 (Colo.App. 1999), *aff'd by an equally divided court,* —— P.3d ——, 2001 WL 1079475 (Colo. No. 99SC814, Sept. 17, 2001).

Here, defendant was charged with the substantive offense of possession with the intent to sell cocaine, a schedule II controlled substance. *See* § 18–18–204, C.R.S.2001. The information also charged that he had the intent to sell twenty-eight grams or more of the substance, and the jury was instructed correspondingly. Thus, the amount of controlled substance that would implicate the mandatory sentencing provision of the former § 18–18–405(3)(a) was incorrectly included as an element of the substantive charge.

However, the inclusion of the amount of cocaine in the information and the jury instruction did not violate defendant's due process rights. The instructions correctly charged the jury to determine whether defendant in fact possessed with intent to sell the controlled substance of cocaine, which was the substantive offense. Moreover, the information charged and the jury had to determine whether the circumstances to enhance any sentence existed beyond a reasonable doubt. *See Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)(due process is satisfied when a mandatory sentencing circumstance is charged in the information and the fact finder determines the existence of the circumstance beyond a reasonable doubt); *People v. Ramirez, supra* (sentence enhancers must be pleaded and proved beyond a reasonable doubt); *cf. People v. Salcedo,* 985 P.2d 7 (Colo.App.1998)(finding that defendant could not be convicted both for unlawful possession with intent to distribute and unlawful posses-

sion of twenty-eight grams or more of cocaine for the same offense), *rev'd on other grounds,* 999 P.2d 833 (Colo.2000).

Thus, defendant's contention that he was not convicted of a statutory offense under count two of the information fails.

## II.

■ Defendant also appears to challenge his conviction as a special offender. We agree with his contention that he cannot stand convicted of the offense of special offender under count one.

■ Defendant was charged in count one with a class two felony of use or display of a deadly weapon during the commission of the crimes of possession with intent to sell twenty-eight grams or more of cocaine and possession with intent to sell methamphetamine. However, the special offender statute is a sentence enhancing provision, not a substantive offense. *See* § 18–18–407, C.R.S.2001; *Vega v. People,* 893 P.2d 107 (Colo.1995).

Here, the mittimus reflects a conviction and a separate sentence imposed on the special offender charge as a substantive offense in addition to conviction and sentences upon the enhanced offenses. Therefore, that conviction and sentence must be vacated.

## III.

■ We also agree that defendant's conviction and sentence on count two, possession with intent to sell twenty-eight grams or more of cocaine, must be amended.

The applicable version of § 18–18–405(3)(a) specifically provided that the enhancement provision for possessing with intent to sell more than twenty-eight grams of cocaine would not apply if an accused was found to be a special offender under § 18–18–407, C.R.S.2001. In addition, defendant's sentence on this count may not be enhanced twice. *See People v. Pineda Eriza,* —— P.3d ——, 2001 WL 199419 (Colo.App. No. 98CA0721, Mar. 1, 2001).

Therefore, on remand the trial court must enter an amended judgment of conviction on count two of possession with intent to sell cocaine, a schedule II controlled substance,

as a class two felony. *See* §§ 18–18–405(1)(a), 18–18–405(2)(a)(II), 18–18–407(1)(f), C.R.S.2001. Because defendant must then be sentenced as a special offender, the sentence for this amended count must be twenty-four years and one day in the custody of the Department of Corrections (DOC), the minimum sentence allowed under the applicable version of § 18–18–407. *See* Colo. Sess. Laws 1992, ch. 71, at 361–62.

## IV.

We further conclude that the sentence on count three must also be amended.

The jury was properly instructed and returned a verdict of guilty as to the special offender/deadly weapon provision relating to both counts two and three, possession with intent to sell cocaine and possession with intent to sell methamphetamine. The trial court apparently relied on the presentence investigation report prepared by the probation department in imposing a twelve-year sentence on the methamphetamine count.

However, because the jury found defendant guilty of the special offender/deadly weapon sentence enhancer as to this count as well, the trial court was required by statute to impose a minimum sentence of twenty-four years and one day on this count. *See* Colo. Sess. Laws 1992, ch. 71, § 18–18–407 at 361–62; *People v. Dist. Court,* 673 P.2d 991 (Colo.1983)(punishments are legislative prerogatives, and a court may not impose a sentence inconsistent with terms specified by statute). Accordingly, on remand, the trial court must amend the mittimus to reflect a conviction on count three of possession with intent to sell methamphetamine, a schedule II controlled substance, as a class two felony. *See* §§ 18–18–405(1)(a), 18–18–405(2)(a)(II), 18–18–407(1)(f), C.R.S.2001; *see also* Crim. P. 35(a)(the court may correct an illegal sentence at any time). The sentence for this amended count must also be twenty-four years and one day.

In light of our disposition of these issues, we necessarily reject defendant's contention that the mittimus should be corrected to reflect a twelve-year sentence for count three.

## V.

▪ Defendant contends that the provision of the special offender statute concerning a deadly weapon is unconstitutional because it fails to create a sufficient nexus between the weapon and the drug offense. We decline to address this contention.

▪ A defendant cannot use a proceeding under Crim. P. 35 to relitigate matters fully and finally resolved in an earlier appeal. Moreover, an argument raised under Crim. P. 35 that does not precisely duplicate an issue raised on appeal will nevertheless be precluded if its review would be nothing more than a second appeal addressing the same issues on some recently contrived constitutional theory. *People v. Rodriguez,* 914 P.2d 230 (Colo.1996).

Here, defendant raised the issue of the special offender/deadly weapon provision prior to trial and also on direct appeal. Although couched in slightly different terms, the argument here is fundamentally the same: that federal case law requires a different nexus to be established between the weapon and the commission of the drug offense than does state case law. *Cf. People v. Atencio,* 878 P.2d 147 (Colo.App.1994)(disposing of same contentions adversely to defendant's position).

Therefore, because this argument was raised in the context of instructional error and resolved adversely to defendant's position on direct appeal, we will not address it again. *See People v. Rodriguez, supra.*

## VI.

▪ Defendant next contends that he is entitled to be resentenced under the amended version of the special offender statute. We disagree.

Defendant committed the offenses at issue here on November 10, 1995, and was sentenced on July 16, 1996. The special offender statute was subsequently amended to apply to offenses committed on or after July 1, 1997. Colo. Sess. Laws 1997, ch. 264, §§ 8, 29 at 1542, 1550. Thus, the amendment is inapplicable to defendant. *See People v.*

*Pineda–Eriza, supra* (defendant not entitled to ameliorative effects of amendatory legislation if legislature has not indicated intent to require retroactive application).

Defendant incorrectly asserts that the amendment was to apply to offenses committed on or after July 1, 1993. This effective date applies only to the 1997 amendment to the earned time statute, § 17–22.5–405, C.R.S.2001. *See* Colo. Sess. Laws 1997, ch. 264, §§ 24, 29 at 1548, 1550.

We also reject defendant's related assertion that the sentencing court erred in failing to specify adequately the reasons for the sentence it imposed. The court imposed the minimum sentence permitted under the special offender statute.

## VII.

■ Defendant further contends that his trial counsel rendered ineffective assistance by failing to obtain admission into evidence of two letters allegedly written to him by a prosecution witness. We do not agree.

■ To establish a claim of ineffective assistance of counsel, a defendant must show that: (1) counsel's performance was outside the wide range of professionally competent assistance; and (2) the defendant was prejudiced by counsel's errors. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *People v. Cole,* 775 P.2d 551 (Colo.1989).

■ The prejudice prong of the *Strickland* test requires a defendant to demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different. *Strickland v. Washington, supra; Davis v. People,* 871 P.2d 769 (Colo. 1994).

■ If a claim of ineffective assistance may be disposed of on the ground of lack of prejudice, a court need not determine whether counsel's performance was deficient. *See Strickland v. Washington, supra; People v. Chambers,* 900 P.2d 1249 (Colo.App.1994).

Here, defendant argued that the letters would have provided some evidence shifting the guilt from him to his ex-girlfriend, the alleged author of the letters. However, a review of the trial transcript reveals that defense counsel questioned the ex-girlfriend about the letters on cross-examination. Counsel also attempted to establish through questioning that the ex-girlfriend had been to defendant's home numerous times and had the opportunity to plant the drugs and drug paraphernalia found there. Counsel also elicited testimony from other defense witnesses regarding the ex-girlfriend's activities at defendant's home. Finally, counsel argued extensively in closing argument that the ex-girlfriend had the means, motive, and opportunity to "set up" defendant for the crimes.

By its guilty verdicts, the jury plainly rejected defendant's theory that he had been framed by his ex-girlfriend. Defendant fails to establish how the admission of the letters themselves would have likely changed the outcome of the trial. Moreover, he has not alleged how the contents of the letters might have tipped the balance in his favor, in light of the other evidence against him at trial.

Thus, because defendant has not demonstrated prejudice from counsel's failure to have the letters admitted at trial, no reversible error occurred here. *See People v. Rodriguez, supra* (vague or unsupported allegations of counsel's deficient performance are insufficient to warrant relief under Crim. P. 35(c)); *People v. Lopez,* 12 P.3d 869 (Colo. App.2000)(same).

## VIII.

Defendant contends that the trial court erred in not holding a hearing or appointing counsel to assist him with his Crim. P. 35(c) motion. We disagree.

■ When the motion, the files, and the record clearly establish that a defendant is not entitled to relief, a court may deny a Crim. P. 35(c) motion without a hearing. *People v. Hartkemeyer,* 843 P.2d 92 (Colo. App.1992). The court may also decline to exercise its discretionary authority to appoint counsel. *Duran v. Price,* 868 P.2d 375 (Colo. 1994).

Because we have concluded that defendant's contentions lack merit, the trial court did not err here.

That portion of the order amending defendant's twelve-year sentence under count three is reversed. The case is remanded to the trial court for amendment of the mittimus as follows: the judgment of conviction and sentence for count one shall be vacated; the judgment of conviction for count two shall be amended to reflect the class two felony of possession with the intent to distribute a schedule II controlled substance, with a sentence of twenty-four years and one day; and the judgment of conviction for count three shall be amended to reflect the class two felony of possession with the intent to distribute a schedule II controlled substance, with a sentence of twenty-four years and one day. All sentences are to be served concurrently. The mittimus shall also be amended to reflect that defendant is required to serve a five-year period of mandatory parole upon completion of his DOC sentence, as required by § 18–1–105(1)(a)(V)(A), C.R.S. 2001 and *Craig v. People*, 986 P.2d 951 (Colo. 1999). The balance of the order is affirmed.

Judge PLANK and Judge NEY concur.